UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE: )
)
JOHN B. CAUSEY ) CASE NO. 3:10-2290-JAF
)
) CHAPTER 13
Debtor(s). )
)

**DEBTOR'S CHAPTER 13 PLAN**

Pursuant to Title II, Untied States Bankruptcy Code, Section 1321 and 1322 and 1323, the Debtor files the following Chapter 13, Plan:

1. The future earnings of the Debtor are submitted to the supervision and control of the Trustee, and the Debtor shall pay to the Trustee the sum of $**480.00** per month for months 1-39 of the Plan.

2. From the payments so received, the Trustee shall make disbursements as follows:

   A. **Priority Claims:**

   (1) The Trustee shall be paid over the life of the plan at the rate of ten percent (10%) of the total amount under the plan for thirty-nine (39) months.

   (2) **STEVEN M. FAHLGREN, PA.,** is owed the sum of $1500.00 representing the Debtor in this case. The Trustee shall pay this sum at the rate of $250.00 per month for months one (1) through six (6).

   (3) **INTERNAL REVENUE SERVICE** has a priority claim in the amount of $317.00. The Trustee shall pay this sum at the rate of $8.13 over the life of the Plan.

   (4) **GEORGIA DEPARTMENT OF REVENUE** has a priority claim in the amount of $224.00. The Trustee shall pay this sum at the rate of $5.75 over the life of the Plan.

B. **Secured Claims:**

1. **FLAGSTAR BANK** holds a mortgage on the Debtor's homestead. The Debtor shall surrender the collateral in full satisfaction of this debt.

2. **CITIFINANCIAL EQUITY SERVICES, INC.** holds a second mortgage on the Debtor's homestead. The Debtor shall surrender the collateral in full satisfaction of this debt.

3. **CITIFINANCIAL AUTO CREDIT, INC.** holds a security interest valued at $8,445 in the Debtor's automobile, a 2004 Chevrolet Silverado 1500, a ½ Ton V8 Extended Cab Pick-up Truck. The Trustee shall pay the sum of **$235.06** to the secured creditor for months one (1) through thirty-nine (39) of the Plan to pay this secured debt in full. This payment includes interest at a rate set according to the United States Supreme Court case of Till *v SCS Credit Corp.* 541 U.S. 465 (2004). The Debtor will be filing a Motion to Value Claim No. 1 that this creditor filed. Any unsecured of this claim will be paid on a pro rata basis with the Debtor's other unsecured creditors. Once the Debtor has paid this secured claim in full, the creditor's lien will be satisfied and no longer encumber the Debtor's automobile. Upon discharge, this secured creditor will give the title to this automobile to the Debtor.

Creditor's address is:
CitiFinancial Auto Credit, Inc.
P.O. Box 182287
Coppell, TX 75019-9578
The Account Number is: xxxxx3601/352786

C. **Unsecured Claims**:

4. All remaining creditors are general, unsecured creditors. The Trustee shall pay these unsecured creditors on a *pro rata* basis over the life of the Plan.

D. **Miscellaneous Provisions:**

5. Any claims filed after the claims bar date of August 2, 2010, for non-governmental creditors and for governmental creditors shall receive no distribution under this plan unless specifically provided for above. This limitation shall not apply to claims filed by the Debtor.

6. The Debtor does not reject any executory contracts.

7. Title to all property of the estate shall revest in the Debtor upon confirmation of this plan, subject to all vested liens.

8. Any mortgage lien holder who has established, or will establish, an escrow account in connection with the mortgage loan shall (a) conduct an annual escrow analysis in the Debtor's account; (b) notify the Debtor and the Chapter 13 Trustee on an annual basis if there is an escrow account deficiency, stating the amount of such deficiency and the reason for the deficiency; (c) furnish the Debtor and the Chapter 13 Trustee an annual escrow account statement that meets the requirements of 12 C.F.R. §3500.17(i). Any such escrow analysis must be performed in a timely manner so as to allow payment of taxes and insurance premiums at the discount provided by applicable State law.

9. The fees and expenses of the Trustee provided for in Paragraph A(1) are set by the United States Trustee. Should the percentage of these fees and expenses be reduced by the Office of the United States Trustee, the Debtor's monthly payment shall change accordingly to reflect the change in the Trustee's commission.

Dated: **March 29, 2010.**

/s/ Steven M. Fahlgren
**Steven M. Fahlgren, Esquire**
Florida Bar No. 0008450
Attorney for Debtor
552382 US Highway 1 North
(904) 845-2255
(904) 845-3934 FAX
sfahlgren@fortheconsumer.com